James C. Crane, J.
This motion, for an order staying arbitration and all proceedings thereunder, vacating or modifying notices of arbitration or in the alternative appointing a single arbitrator to hear and determine all disputes between the parties which the court may find to be properly arbitrable under the agreement, and for further and different relief etc., is denied in all respects.
The principal points argued by petitioner are
1. The arbitration clause does not comply with the requirements of article 84 of the Civil Practice Act and the decisions of the courts of this State, “ in that each of the parties shall sit as a judge in connection with his own dispute ”.
2. That there are matters in the respondent’s demand, set forth in Exhibit Gr and otherwise which are beyond the scope and authority of the arbitrator to hear and determine.
3. That if this court should entertain this application and direct arbitration to proceed, such arbitration was to be had before a single arbitrator designated by the court.
The agreement between the parties dated January 4, 1955, sets forth certain action to be taken by both parties in connection with their business activities and expresses apparent valid legal considerations each as to the other. It contains, in this court’s opinion, all of the essential legal requirements of a good contract. Concededly there is no dispute as to this. There is dispute, however, by both parties as to violation of the terms of the agreement.
It is also indisputable that the agreement includes a provision providing for a method of disposing of future disputes concerning the interpretation of the terms of the agreement (Exhibit A, par. 10), to wit: an arbitration clause.
Does this paragraph violate the provisions of article 84 of the Civil Practice Act? I conclude from the language of the arbitration clause in the agreement between the parties that it does not violate sections 1448 or 1449 of the Civil Practice Act, since under section 1448 “ two or more persons * * * may contract to settle by arbitration a controversy thereafter arising between them and such * * * contract shall be valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract,”
*768 A contract to arbitrate a controversy thereafter arising between the parties must be in writing. (Civ. Prac. Act, § 1449.) Undoubtedly, there is a controversy which arose after the execution of the foregoing contract and the contract is in writing. Ergo, this court is of the opinion that it has no jurisdiction whatsoever to hear and determine this motion because of the arbitration clause in the written agreement between the parties.
The argument that the parties cannot be arbitrators seems to me to be specious. They have power under the arbitration clause by agreement between themselves to so act, or to appoint successors. How much more could be done in their behalf by nominees, than they could do for themselves. I fail to see nonconformance with the aforesaid statutes or violation thereof and the cases cited by petitioner are not applicable here and are clearly distinguishable from the facts in the instant motion.
Concerning section 1452 of the Civil Practice Act, since a provision “ for a method ” of appointment of an arbitrator or umpire, or arbitrators, is provided for in paragraph 10 of the agreement, the statute expressly states 6 ‘ such method shall be followed ”. Therefore this court has no jurisdiction or power in the premises under this statute to appoint a single arbitrator because there is no failure of appointment in the agreement.
In following this method, after failure to agree on the third arbitrator, application was made to a Judge of the County Court of Queens County for the appointment of the third arbitrator. Objection was made to such application, not as this court sees it in the first instance, but on the reapplication after the resignation of the first appointee made by the County Judge, on the ground that the court had no jurisdiction to appoint. Whatever may be said as to the petitioner’s acquiescence to this procedure, this court concludes, that even though mistake was made in the language of the agreement referring ‘ ‘ to the judge of the County Court of Queens County”, as the nominator, when in fact there were four judges of that court, that it was the intent of the parties that a fair and impartial person should be the one to nominate the third arbitrator and the County Judge having so acted, not as a court, but as a member of that court, no question of jurisdiction as a court was involved.
With respect to the matter urged by petitioner in point No. 2, the merits of the controversy between the parties is not in issue on this motion and is matter which may be determined by proper objection and motion under section 1462, and other appropriate sections of article 84 of the Civil Practice Act.
*769 The only question presented on this motion as this court views it is, “ does this court have jurisdiction in the premises ”? The answer has been resolved in the negative, supra. Motion denied in all respects.
Settle order on notice.