■ In the Matter of the Arbitration between WILLIAM A. WELSTED & SON, Respondents, and DONALD T. HAWKINS et al., Appellants. (And Three Other Actions.) — Order insofar as appealed from unanimously reversed, without costs of this appeal to any party, and motion denied for the reasons stated in the memorandum, without costs. Memorandum: This is an arbitration proceeding with which the parties were directed to proceed by an order granted October 7, 1960, from which no appeal was taken. Thereafter an order was granted July 7, 1961, reiterating the direction to the parties to submit to arbitration and stating the issues to be arbitrated. This order also directed that the issues should be framed by the service of a complaint and an answer in accordance with the provisions of the Civil Practice Act and the Rules of Civil Practice. While no appeal was taken from this order, we note that it is not within the province of the court to direct how the arbitrators should proceed or to require that pleadings be served in accordance with the Civil Practice Act. The order appealed from granted May 3, 1962, denied the motion of the appellants under rule 103 of the Rules of Civil Practice to strike certain allegations from the complaints served pursuant to the earlier order and granted the appellants' motion in other respects. The appeal is from so much of the order as denied part of the appellants' motion. The parties seem to have misconceived the nature of an arbitration proceeding and the function of the court with respect thereto. " [A]n arbitration proceeding is, except in specified particulars, outside the court realm and jurisdiction — deliberately so taken out of the court by choice and commitment of the parties. Arbitration is subject to its own rules and practices at variance with court procedures. It is supposed to be a complete proceeding, without resort to court facilities, for handling and disposing of a controversy submitted to arbitration. It would be generally incompatible with the nature and scope of an arbitration proceeding to allow a shift to the court forum". (*Matter of Katz* [*Burkin*], 3 A D 2d 238, 239; see, also, *Matter of Mole* [*Queens Ins. Co.*], 14 A D 2d 1.) If the arbitrators " exceed their powers " or " imperfectly execute them ", the remedy is by a motion to vacate the award under section 1462 of the Civil Practice Act (*Matter of Pisciotta* [*Newspaper Enterprises*], 14 Misc 2d 766, 768, mod. on other grounds 5 A D 2d 1014). Since we have before us only the portion of the order appealed from, we cannot now deal with the entire problem but we

reverse the portion of the order appealed from and deny the motion for the reason that it is not within the province of the court to deal with any so-called pleadings which the parties may have submitted to the arbitrators. If the parties are so advised, they may move at Special Term to vacate in their entirety the provisions of the orders dealing with the pleadings to be submitted to the arbitrators and the procedure to be followed by the arbitrators. (Appeal from certain parts of an order of Erie Special Term denying the motion of the owners to strike from the first cause of action in each complaint the claim on the part of the partnership for the reasonable cost and value of extras and for other relief.) Present— Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.